# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL C. PAXTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 4:05CV891-SNL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

The motion filed by Movant under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody is before the Court. The government has responded in opposition and movant has filed a traverse in reply to the government's response.

## Background

In Count 1 of the indictment, the movant was charged with possessing a firearm to wit: One Mossberg .410 shotgun, Model New Haven which traveled previously in interstate commerce when he had previously been convicted of a felony. In Count 2 movant was charged with possessing a firearm to wit: One Savage arms 12 gauge shotgun, Model 30 Series B which had been modified to have a barrel length of 17 5/6 inches and an overall length of 27 3/4 inches when the firearm had not been registered in the National Firearms Registration and Transfer Record.

As a part of the pre-trial proceedings, counsel for movant filed pretrial motions to suppress evidence and statements. The basis of the motion was to suppress movant's statements to law enforcement officers and to suppress evidence obtained following a search and seizure of the firearms alleged to be involved in the indictment. The Magistrate Judge held a suppression hearing following which an extensive report and recommendation was issued. In the report and

recommendation, the Magistrate Judge denied movant's motion to suppress the evidence. This Court ordered that the Report and Recommendation of the Magistrate Judge be sustained, adopted and incorporated; accordingly, defendant's motion to suppress evidence was denied.

Ultimately, movant entered into a plea agreement with the government whereby he agreed to enter a plea of guilty to both counts of the indictment. In return, the government agreed that no further federal prosecution would be brought in the Eastern District of Missouri relative to movant's possession of the firearms which he was alleged to possess.

The parties waived their right to appeal and recommended that the Court utilize the sentencing guidelines for the purpose of calculating a range of punishment. At the time of taking the plea, the Court referred movant to page 9, paragraph 6 setting out the maximum possible penalty provided by law as imprisonment of not more than 10 years as to each of the two offenses. The Court also discussed with movant paragraph B on page 10 of the agreement setting out the possibility of enhanced criminal status. Movant was advised that under 18 U.S.C. § 924(e) and United States Sentencing Guidelines (USSG) § 4B1.4, movant could be adjudicated a career offender and subject to the possibility of a mandatory minimum sentence of 15 years. Movant acknowledged that he was aware that he could be subject to this enhancement.

The Court also discussed with movant the stipulation of facts relevant to sentencing found at pages 7 and 8 of the plea agreement. Movant agreed that the facts set out in the stipulation were correct. Those facts set out that on March 13, 2003 police officers executed a valid state search warrant at 2211A Dodier, St. Louis, Missouri and that during the execution of the warrant, the officers located the Mossberg shotgun and the Savage Arms shotgun.

It was set out that movant later made a written statement that he was holding the weapons

for a friend. Movant, in the statement, admitted that he had previously been convicted of one or more felony crimes punishable by terms of imprisonment exceeding one year under the laws of the State of Missouri. Movant further admitted during the plea hearing that he understood the terms of the agreement, had discussed them with his attorney and understood the dialogue that occurred between him and the Court.

At the time of the plea, movant, his counsel and counsel for the government stated that if movant was determined to be a career offender, the United States would recommend the minimum sentence as set out by the Sentencing Guidelines; otherwise, the government would recommend the high end of the Guideline range. The parties agreed that this statement was not in the written plea agreement, but was an oral supplement to that agreement.

At the sentencing hearing, the Court concluded that movant was a career offender and determined that under the Sentencing Guidelines, the total offense level was a 31 and the criminal history category was a VI. Accordingly, the range for imprisonment was 188 months to 235 months. In accordance with the recommendation of the government and considering other factors as required, the Court sentenced the movant to 188 months custody of the Bureau of Prisons. No appeal was taken pursuant to the waiver in the plea agreement.

In the present motion, movant asserts four grounds wherein he believes his counsel was ineffective in representing him. Those grounds will be addressed in the order set out and in addition, the Court will consider additional assignments raised in the traverse.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." Strickland v Washington, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by

showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. See also U.S. v. Coleman, 2005 WL 3021104 (E.D. Mo. 2005).

The two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The performance prong of the Strickland test remains the same. Id. at 58-59. To establish prejudice in the context of the plea process, the defendant must show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The standard has recently been defined by the United States Court of Appeals for the Eighth Circuit as follows:

> "An ineffective assistance claim generally requires two showing. 'First the defendant must show that counsel's performance was deficient.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id. Second, the defendant must show prejudice. Id. To show prejudice, he or she must prove that 'counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable.' Id. *accord* Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair')."

Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004). A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Ordinarily, if the defendant cannot prove prejudice it is not necessary to address whether counsel's performance was deficient. United States v. Apfel, 97

F.3d 1074, 1076 (8th Cir. 1996); DeRoo, at 925.

Discussion - Ground One

Movant apparently asserts an Apprendi, Blakeley and Booker claim.[1]

This ground should be ruled against movant for two reasons. First, movant was sentenced June 4, 2004 and Blakeley was not decided until approximately three weeks later, June 24, 2004. Booker was decided in 2005. It is difficult to assign error to movant's counsel when all of the services that were provided were pre-Blakeley and Booker. Certainly counsel cannot be burdened with having the knowledge of Supreme Court opinions in her representation of movant before such cases were decided.

Second, in United States v. Moss, 252 F.3d 993 (8th Cir. 2001) the Court of Appeals held that the precursor to Blakeley, Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), was not of watershed magnitude and that the holding of Teague v. Lane, 489 U.S. 288 (1989) barred the retroactive application of an Apprendi claim on collateral review. Similar reasoning prevents Blakeley from being applied retroactively in this case. See Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004). (A procedural rule applies only prospectively unless they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Ibid at 2523.

Movant asserts that the Court should have required the jury to make the decision concerning "enhancements" and that the decision by the Court as to the predicate offenses giving rise to movant's career criminal status was in error. This assertion is reiterated in ground four.

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Blakeley v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

5

This point should be ruled against movant. "As to the finding concerning the prior convictions which triggered the mandatory minimum sentence, the Supreme Court has consistently said that the fact of a prior conviction is for the Court to determine, not a jury." U.S. v. Nolan, 397 F.3d 665, 667, Fn 2 (8th Cir. 2005).

On page eighteen of the government's response to movant's request, numerous cases have been decided by other circuits supporting the decision in this circuit that Booker, Blakeley and Apprendi do not apply retroactively to cases on collateral review. This Court will not cite those cases other than to note that movant has not sustained his burden to suggest that his counsel was defective in this area.

### Ground Two and Three

In Ground Two, movant states that he was convicted by the use of evidence obtained pursuant to an unlawful arrest. In Ground Three, movant states that he was convicted with the use of evidence "gained pursuant to an unconstitutional search and seizure." As these two grounds are interrelated, they will be discussed together.

It is difficult to see how movant's counsel was deficient in these areas. Early on, counsel filed motions to suppress evidence because of an unlawful arrest and an unlawful search and seizure. The Magistrate Judge conducted an evidentiary hearing in which movant and his counsel participated. Movant even called a witness who testified on his behalf. Counsel presented movant's position by cross-examining the government witnesses and fully briefing the motions to suppress. After an extended hearing, the Magistrate Judge prepared precise findings of fact and conclusions of law which this Court adopted.

Counsel filed objections to the Report and Recommendation and did all that could be

expected on behalf of movant.

In addition, movant's claims in Grounds Two and Three are limited by procedural default. Constitutional claims that could have been raised on direct appeal, but were not, are procedurally defaulted unless petitioner can demonstrate either cause for the default, and actual prejudice, or actual innocence. Bousley v. U.S., 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), Matthews v. U.S., 114 F.3d 112, 113 (8th Cir. 1997). See also Coleman v. U.S., supra.

There is nothing in the motion or in the record that suggests cause for the default or actual prejudice or actual innocence.

The Court is aware as previously stated that as a part of the plea agreement, movant waived his right to appeal. As there was consideration in the plea agreement for the waiver, movant can still be procedurally defaulted in not preserving any constitutional rights he felt he had.

### Ground Four

Here, movant states that his counsel acted inappropriately in failing to challenge his criminal history that caused him to be an armed career criminal. One of the offenses involved was stealing from a person charge, and movant states that that was not violent and should not have been counted as a predicate act.

As set out earlier, movant entered a plea of guilty to a charge of being a felon in possession of a firearm that had traveled in interstate commerce and possession of a so-called "sawed off shotgun" which had not been registered in the National Firearms Registration and Transfer record.

"A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. §

924(e) is an armed career criminal." U.S.S.G. § 4B1.4(a). A person who has three previous convictions by any court referred in 18 U.S.C. § 922(g)(1) for a violent felony or a serious drug offense or both shall be imprisoned for not less than 15 years. 18 U.S.C. § 924(e).

Movant's criminal history showed that he had convictions as follows:

1. Robbery in the second degree, Cause No. 91CR-3978, Circuit Court of St. Louis County, Missouri;

2. Stealing from a person: Cause No. 91CR-3706, Circuit Court of St. Louis County, Missouri;

3. Sale of a controlled substance near public housing, Cause No. 981-106A, Circuit Court of the City of St. Louis, Missouri.

Pursuant to the statute and the provisions of the Sentencing Guidelines and movant's history, the Court at sentencing determined that defendant was an armed career criminal pursuant to 18 U.S.C. § 924(e) and that his base offense level was 34.

Movant's position that his conviction for stealing from a person was not a violent defense is untenable. See U.S. v. Griffith, 301 F.3d 880, 885 (8th Cir. 2002). (The crime of theft of a person involves conduct that presents a serious risk that a person may be physically injured and is a crime of violence). See also U.S. v. Wofford, 122 F.3d 787, 794 (9th Cir. 1997) (holding that theft from a person constitutes a violent felony under § 924(e)).

Movant's counsel did not fall below an objective standard of reasonableness in failing to object to this finding of the Court at the time of sentencing.

## Traverse

In his Traverse, movant sets out additional reasons why he feels that his counsel was not functioning properly. One assertion is that counsel should have challenged the validity of the search warrant or the scope of the search. This is only a blind suggestion that had counsel

8

challenged the validity of the warrant, it would never have been issued. Movant offers no evidence to show that the result would have been different had there been an investigation. There is no evidence to show that counsel did not investigate the background of the warrant. Counsel may have done so and determined that it was useless to pursue this avenue. The Court simply is unable to determine that counsel acted inappropriately in this area when there is no proof of the assertion.

Movant also suggests that had he been advised properly by counsel, he would not have entered a plea of guilty and accordingly, his plea was not voluntary. At the time of the plea, the Court specifically inquired of movant whether anyone had threatened him or intimidated him, coerced him, or harassed him in any way at all to enter a plea of guilty, and he replied in the negative and asserted that his plea was voluntary. There is nothing in the record to show otherwise.

The remaining portions of the Traverse reiterate the four issues that were raised in the motion and need not be addressed further.

## Conclusion

Movant entered a plea of guilty to a two-count indictment and was found to be a career criminal and sentenced pursuant to the appropriate statutes and sentencing guidelines. His counsel assisted in negotiating a plea agreement wherein the government agreed not to consider further federal prosecution in return for the plea of guilty. There were references in the plea agreement that movant could be subject to being sentenced as an armed career criminal illustrated on page six, paragraph 3F and page 10, paragraph 6B. At the time of the plea, the Court set out the possibility and movant stated that he understood.

A substantial factual basis for the plea was set out on page 7 and 8, paragraph 4 of the agreement. At the plea, movant stated that all of the facts stated in the stipulation were correct. Before entering into the plea agreement, counsel for movant moved to suppress evidence following which a hearing was held in which movant participated and the Magistrate Judge entered a report and recommendation, denying the motion request which this Court adopted. At the time of the plea, movant stated that he was satisfied with his lawyer.

Accordingly, the Court finds that movant has failed to show that his counsel's performance fell below an objective standard of reasonableness. He has failed to show that there was a reasonable probability but for his counsel's alleged unprofessional errors, the results of the proceeding would have been different. Therefore, movant's request should be denied. As the motion and the record in the case conclusively show that movant is entitled to no relief, it is unnecessary to have an evidentiary hearing. <u>Shaw v. U.S.</u>, 24 F.3d 1040, 1043 (8th Cir. 1994), <u>Chavez v. U.S.</u>, 2005 WL 1798281(E.D.Mo. 2005).

Dated this __13th__ day of July, 2006.

*/s/ Stephen N. Limbaugh*
SENIOR UNITED STATES DISTRICT JUDGE